IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LILLIAM ACOSTA COLÓN, et al.**
**Plaintiffs,**

    **v.**                          **CIVIL NO. 03-2327 (DRD)**

**WYETH PHARMACEUTICALS**
**COMPANY**
**INC., et al.**
**Defendant.**
_____

**ORDER**

Pending before the Court is Defendant's, Wyeth Pharmaceutical Company, Inc.("defendant"), *Motion for Reconsideration* (Docket No. 44). Defendant moves the Court to reconsider its Opinion and Order issued on March 23, 2005 denying the request to dismiss the Complaint (Docket No. 43). Plaintiffs, neither responded nor replied defendants' request. For the reasons stated below, this Court **GRANTS** in part and **DENIES** in part Defendants' Motion for Reconsideration of this Court's previous Opinion and Order.

**I. PROCEDURAL BACKGROUND**

Plaintiffs, Lilliam Acosta Colón and a group of employees and ex-employees, filed suit on December 10, 2003 against Defendants, Wyeth Pharmaceuticals Company, claiming unpaid wages under the Fair Labor Standard Act ("FLSA"), 29 U.S.C.A. § 201 et seq., as amended (Docket No. 1).Therein, Plaintiffs allege that Defendants have failed to comply with Section 16 (b) of the FLSA, 29 U.S.C.A. § 216 (b). In essence, they argue that Defendants have not included in their wages the time they spent dressing "pre shift" and undressing "post shift" into and out of their working

-1-

uniforms. The uniform entails the use of: hair covers, beard covers, dust masks, long sleeved uniforms, slacks, long lab coats, pant suits, gloves, safety shoes, eye protecting equipment, and coveralls among others.

On March 4, 2004, Defendants filed a *Motion to Dismiss* (Docket No. 10) alleging that this Court lacked jurisdiction over fourteen (14) of the Plaintiffs due to the complaint having been filed more than two years after they ceased the employment relationship with the Defendant. For this reason, Defendants aver that the claim brought forth by this group of Plaintiffs is time barred. They support their argument citing the section 255 of title 29 of the United States Code, which states that "any action for unpaid minimum wages, unpaid overtime compensation or liquidated damages under the FLSA, as amended, may be commenced within two years after the cause of action accrued, and every such action shall be forever barred" unless commenced within this time period. There is an exception to the two year time limit. When the violation or the FLSA has been a willful violation committed by the employer, the action may be commenced up to three (3) years after the cause of action accrued. Id. Defendants allege that the Plaintiffs did not mention in the claim any specific fact or allegation stating that, in fact, Defendants have committed a willful violation of the FLSA.

On March 30, 2004, Plaintiffs filed an *Opposition to Defendants' Motion to Dismiss (Docket No. 14)* in which they expressed that their general allegations concerning willfulness were sufficient to comply with the standards established in the rules of pleadings by the Fed.R.Civ.P. 8. Plaintiffs also suggest that the determination of willfulness is a determination that should be left to the trier of facts, in this case the jury. Consequently, it is that decision which will ultimately decide whether the two or three year time limit for the claim is applicable. Subsequently, on April 28,2004, the Defendants replied to Plaintiffs' Opposition (Docket No. 21). Defendants argue that, because of the

varied conclusions reached by different Appellate Federal Courts regarding donning and doffing, Defendants cannot be considered to have committed a willful violation to the FLSA. For this reason, the three year statute of limitation is not applicable to the instant claim. Defendants further aver that the "willfulness issue" has been decided in summary judgments by the First Circuit District Court and by the First Circuit Court of Appeals. Accordingly, said issue does not need to be left to the jury to decide. Plaintiffs Surreplied (Docket No.40) reiterating the arguments brought forth in their *Motion in Opposition* to *Defendants' Motion to Dismiss* (Docket No. 14). The matter was resolved through the Court's *Opinion and Order* denying the *Motion to Dismiss* on March 23, 2005 (Docket No. 43).

After reviewing the unopposed request for reconsideration, the Court now proceeds to adjudicate the matter.

**II. STANDARD OF REVIEW AND APPLICABLE LAW**

Motions for Reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such motion is served. Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)(citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Com. , 20 F. Supp. 2d 282, 286 (D.P.R. 1998); see also National Metal Finishing Com. v. Barclaysamerica/Commercial,

Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id at 123. See also, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly disposed).

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). See Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col. 1997). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued. Id. Furthermore, although Rule 59(e) refers to judgments, i.e. rulings that are appealable, Rule 59(e)'s legal standard will be applied to motions for reconsideration of interlocutory orders. See Waye v. First Citizen's National Bank, 846 F.Supp. 310 (M.D. Pa. 1994) (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D 99 (E.D Va. 1983) (motion for reconsideration of order denying motion to dismiss).

Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, if a motion for reconsideration has been timely filed rests solely on whether or not the motion was filed unreasonably late. See

McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983); McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa. 1993); Atlantic States Legal Foundation v. Karg Bros., 841 F. Supp. at 55; Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R. 1981).

As a general rule, motions for reconsideration should be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [m]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in the interest of finality, at least at the district court level, motions for reconsideration should be granted sparingly because parties should not be free to re-litigate issues a court has already decided. Id. (citing New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F. Supp. 17, 18-19 (E.D. Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams, 32 F. Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. See Dodge v. Susquehanna University, 796 F. Supp. 829, 830 (M.D.Pa. 1992).

"These motions should be granted to correct "manifest errors of law" or to present newly

discovered evidence". Trabal Hernández v. Sealand Services, Inc., 230 F.Supp.2d 258, 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, at 123. Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment". Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." Trabal Hernández v. Sealand Services, Inc. 230 F.Supp. 2d at 259; Nat'l Metal Finishing Co., 899 F.2d 119, 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R. 2002). Hence, "motions for reconsideration are 'extraordinary remedies which should be used sparingly'." Trabal Hernandez, 230 F.Supp.2d at 259; Nat'l Metal Finishing Co., 899 F.2d 119, 123; and are "typically denied", 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995)(emphasis added.)

With these parameters in mind, the Court reviews Defendant's request for reconsideration as to its previous Opinion and Order denying Defendant's motion to dismiss.

**IV. ANALYSIS**

As previously stated**,** a request for reconsideration cannot be used merely to reargue a point already decided. Barret v. Lombardi, 239 F.3d 23,28 (1sr Cir. 2001) citing Cody Inc. v. Town of Woodbury, 179 F.3d 52,56(2d Cir. 1999); Cashner v. Freedom Stores Inc., 98F.3d 572,577 (10th Cir. 1996). The Federal Rules of Civil Procedure in the section 60(b) and the jurisprudence reiterate that, in order to grant a motion for reconsideration of an order, the moving party must prove at least one of three elements. These are: the availability of new evidence, or an intervening change in the controlling law, or the need to correct a clear error of law or prevent a manifest injustice.

Defendants in the instant case failed to establish that the Court's *Opinion and Order* (Docket No. 43) suffers from "manifest errors of law" that should be corrected. Trabal Hernandez v. Sealand Services Inc., 230 F. Supp. 2d at 259. The Defendant did not bring forth either newly discovered evidence that the Court should consider, or an intervening change in controlling law, or the need to prevent manifest injustice in order to be entitled to the relief sought. Dodge v. Susquehanna University, 796 F. Supp. at 830.

A motion for reconsideration is not the means to simply raise a point of disagreement between the Court and the litigant. Waye v. First Citizen's National Bank, 846 F. Supp. at 314 n.3. Defendants simply request the Court to reconsider arguments that were already discussed at this Court's *Opinion and Order (Docket No. 43)*. However, this tool is not the proper means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F. Supp. 2d 236, at 238 (1998). This *Motion for Reconsideration (Docket No. 44)* merely requests the Court to revisit Defendant's previous allegations, all of which were carefully considered by the Court prior to its issuance of its *Opinion and Order(Docket No. 43)*, for this reason the request should be refused. Motions for reconsideration is an extraordinary remedy which should be sparingly granted. Trabal Hernandez v. Sealand Services Inc., 230 F. Supp. 2d at 259; Nat'l Metal Finishing Co.,899 F. 2d at 123. Defendant have failed to bring forth anything that would entitle them to such exceptional remedy.

The Defendants have recognized in their *Motion to Reconsider this Honorable Court's "Opinion and Order"*(Docket No. 44) that the Supreme Court established, as far back as 1956, that "the tasks of donning and doffing of required gear is an integral and indispensable part of employee's principal activities for their particular job and therefore compensable" Tum v. Barber Foods, Inc,

2002 U.S. Dist. LEXIS 1064 (D. Maine) (citing Steiner v. Mitchell, 250 U.S. 247 (1956)). Defendants aver that this statement of the Supreme Court gave little enlightenment and guidance to the donning and doffing related in the present case. Defendants allege that there was not a common ruling between the different Circuits on the task of donning and doffing and its importance, relevance and compensability.[1] Therefore, they can not be found responsible of a "willful violation" to the FLSA. For this reason, they aver that the three year term limit is not applicable to them. Defendants also plea to the Court for a reconsideration of the determination that the trier of facts concerning willfulness should be the jury rather than the Court at this point of the proceedings. The Court does not agree with Defendants' position and statements for the reasons already stated in the *Opinion and Order* (Docket No. 43). The trier of facts in the present case, the jury, is the proper entity to determine and evaluate whether the actions of the Defendants were intentional in order to be considered a "willful violation" of the FLSA.[2]

Because the Defendant has not presented any new evidence, and has just re-argued the same allegations that were presented at the first *Motion to Dismiss* (Docket No. 10) and repeated in the *Motion for Reconsideration of the Opinion and Order* (Docket No. 44) the Court hereby **DENIES** the reconsideration of the *Opinion and Order* that was requested by the Defendant.

---

[1] Recent case law has emerged clarifying some of the confusions between the different decisions emitted by the different Circuit Courts. The Supreme Court particularly decided and reiterated that "[b]ecause doffing gear that is 'integral and indispensable' to employees' work is a 'principal activity' under the statute, the continuous workday rule mandates that time spent waiting to doff is not affected by the Portal -to-Portal Act and is instead covered by the FLSA."IBP v. Alvarez, 126 S. Ct. 514, *527 (2005).

[2] *See* Luckacinsky v. Panasonic Serv. Co., No. 03-40141-FDS, 2004 U.S. Dist. LEXIS 25846, at *19-20 (D. Mass. Nov. 29, 2004); Maldonado v. Administración de Correción de E.L.A., 1993 U.S. Dist. LEXIS 9577, at *11; Lott v. Rigby, 746 F. Supp. 1084, 1089-90 n.7 (N.D. Ga. 1990) (all standing for the proposition that the determination of willfulness requires a factual determination by the trier of facts); *see also* Biggins v. Hazen Paper Co., 953 F.2d 1405, 1415 (1st Cir. 1992) (affirming jury instructions as to willfulness standard) *rev'd on other grounds*, 507 U.S. 604, 113 S.Ct. 1701 (1993).

However, the Court will **GRANT** the *Motion to Dismiss* regarding the plaintiff Gladys Cora-Lugo's claim. The plaintiff ceased her employment relationship with the Defendant on February 26, 2000. The Defendants received the claim on February 28, 2003. More than three years have passed since the time this Plaintiff ceased her employment relationship with the Defendant. The prescription period for this action, under the FLSA, begins to toll on the last day of employment and its maximum time period for claiming is three years. Since more than three years have elapsed from Plaintiff's last day of work, Plaintiff's claim is time barred.

## V. CONCLUSION

Wherefore, Defendant's *Motion for Reconsideration of the Opinion and Order* (Docket No. 44) is hereby **GRANTED** as to Plaintiff Gladys Cora-Lugo and **DENIED** as to all other plaintiffs.

IT IS SO ORDERED

Date: March 1, 2006                                                        S/ Daniel R. Dominguez

                                                                                           DANIEL R. DOMINGUEZ

                                                                                           U.S. DISTRICT JUDGE